# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ANN FIELD MOUNTAN,**

                    **Plaintiff,**

    v.                                           **Case No: 06C1026**

**CHAUTAUQUA AIRLINES, INC.,**
**et al.,**

                    **Defendants**

## DECISION AND ORDER

Plaintiff Ann Field Mountan brings this diversity action against defendants Chautauqua Airlines, Inc., Delta Airlines, Inc. and Comair, Inc., alleging that she was injured while attempting to disembark from an airplane as the result of defendants' negligent failure to provide a lift. The defendants deny negligence. The motion before me, however, now deals only with a dispute among defendants. Delta is Comair's parent, and their interests are aligned against that of Chautauqua. Delta and Comair assert that pursuant to a contract between Comair and Chautauqua, the Ground Handling Agreement ("GHA"), Chautauqua is obliged to defend them in this action and to indemnify them for any liability that they might incur to plaintiff. Before me now is their request for a declaratory judgment on this question.

## I. APPLICABLE LAW

A declaratory judgment action is a useful procedure for determining the rights and obligations of parties to an insurance contract, or, similarly, an indemnity contract. See 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2760 (3d ed. 1998). The procedures for obtaining a declaratory judgment are governed by the

Federal Rules of Civil Procedure. Fed. R. Civ. P. 57. Thus, the requirements for pleading and practice in actions for declaratory relief are the same as in other civil actions. Wright & Miller, supra, § 2768. Declaratory relief may be sought by a cross-claim, and summary judgment is also available in actions for declaratory relief. Id.

As a preliminary matter, I note that neither Delta nor Comair has filed any pleading containing a separate section asserting a cross-claim against Chautauqua for defense and indemnification. However, in Delta and Comair's answer to the amended complaint, they assert contribution and indemnification as an affirmative defense, and, in the conclusion, request a judgment against Chautauqua for contribution and indemnification. (Delta and Comair's Ans. to Am. Compl. at 7.) Chautauqua has not objected to the motion for declaratory judgment on the ground that it did not receive adequate notice of the claims against it, and the grounds upon which those claims rest. Thus, I conclude that the request for a judgment in contribution and indemnity set forth in the answer is sufficient to assert a cross-claim against Chautauqua under notice pleading standards, and I will proceed to the merits of the motion without further addressing this issue.[1] See Wright & Miller, supra, § 2768 (noting that with simple notice pleading, technicalities are not allowed to prevail over substantial rights).

---

[1] I have jurisdiction over this cross-claim because it "arises out of the transaction or occurrence that is the subject matter of the original action" and because it includes a claim that Chautauqua, the co-defendant, "is or may be liable to the cross-claimant for all or part" of the claim asserted against Delta and Comair in the original action. Fed. R. Civ. P. 13(g). Thus, the cross-claim is a Rule 13(g) cross-claim, and therefore does not require an independent basis for jurisdiction. See Am. Nat'l Bank and Trust Co. of Chi. v. Bailey, 750 F.2d 577, 581 (7th Cir. 1984) (citing Cenco Inc. v. Seidman & Seidman, 686 F.2d 449, 452 (7th Cir. 1982).

2

As the motion for declaratory judgment appears to seek judgment as a matter of law on Delta and Comair's claims for defense and indemnity, and the parties have submitted evidence in the form of affidavits, deposition transcripts, and other documents, I will construe this motion as a motion for summary judgment under Fed. R. Civ. P. 56 on Delta and Comair's claim for declaratory relief. Summary judgment is required "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." Id.

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over

3

facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

## II. FACTUAL BACKGROUND

In May 2006, plaintiff traveled from General Mitchell International Airport in Milwaukee, Wisconsin, to the Cincinnati/Northern Kentucky International Airport on a Delta Connection flight that was operated by Chautauqua. At the time plaintiff's daughter purchased the airline ticket for plaintiff, she spoke with the ticket agent, apparently a Delta agent, regarding whether a mechanical lift or other assistive device would be available to help plaintiff board and exit the aircraft; the ticket agent assured her that lifts would be available at both the Milwaukee and Cincinnati airports. Nonetheless, no lift or assistive device was provided to plaintiff either at the Milwaukee gate or at the Cincinnati gate. Plaintiff was able to climb without incident the stairs used by other passengers to board the aircraft in Milwaukee. However, upon arriving in Cincinnati, when no lift was provided and plaintiff thus attempted to climb down the stairs to exit the plane, plaintiff fell and injured herself.

According to Chautauqua, Delta employees were responsible for providing lift assistance for special needs passengers in Milwaukee, and in this case the employees had access to Delta's reservation system which apparently indicated that plaintiff required such assistance. In Cincinnati, Comair was responsible for providing lift assistance to passengers, pursuant to the terms of the GHA between it and Chautauqua. The Comair gate agent at Cincinnati had access to the Delta reservation system, and was expected to

review the information in the system to ascertain any special needs, such as lift assistance, and ensure that those needs were met when the aircraft arrived in Cincinnati.

I will state additional facts in the course of the opinion.

### III.  RELEVANT CONTRACTUAL PROVISIONS

Comair and Delta seek a declaration that Chautauqua must defend and indemnify them in this action, pursuant to the relevant provision of the GHA. That provision, section 8.2, provides that

> [Chautauqua] releases and agrees to indemnify, defend and hold harmless [Comair], its affiliates and their respective directors, officers, employees and agents from and against any and all claims, damages, losses, liabilities, judgments, costs, fines and expenses of any kind or nature whatsoever including without limitation, interest, court costs and attorney's fees (collectively referred to herein as "Claims") which in any way arise out of or result from any acts or omissions by [Chautauqua] (or anyone directly or indirectly employed by [Chautauqua] or anyone for whose acts [Chautauqua] may be liable) in the performance or nonperformance of, or in any connection with the subject matter of this Agreement, including without limitation Claims (a) for injury to . . . any person . . . .  The foregoing release and indemnity shall apply regardless of whether the claim arises out of or relates to the negligence (whether active, passive or otherwise) of, or was caused in part by, [Comair] or its agents or employees.  however, nothing contained in this Sub-Article shall be construed as a release or an indemnity by [Chautauqua] from or against any Claim solely and proximately caused by the gross negligence or willful misconduct of [Comair] or its officers, directors, agents or employees.

It is undisputed that the terms of the GHA require that the agreement be interpreted under Ohio law.

Chautauqua argues that the defense and indemnity issue as it relates to Delta is governed by a different contract, the Delta Connection Agreement ("DCA"). The DCA provides that Chautauqua will operate some of Delta's flights, and Delta will provide ticketing, reservation, marketing and other services in return. Chautauqua argues that

5

pursuant to that agreement, Chautauqua owes no defense and indemnity to Delta; on the contrary, Chautaqua argues that Delta may owe Chautauqua a duty to defend and indemnify. The relevant provisions of the DCA governing the parties' respective duties of defense and indemnification are as follows:

> Article 12. Liability Provisions
>
> A. Chautauqua . . . shall be liable for and hereby agree[s] fully to defend, release, discharge, indemnify, and hold harmless Delta and its affiliates (each, a "Delta Indemnitee") from and against any and all claims which may be suffered by, accrued against, charged to, or recoverable from any Delta Indemnitee in any manner arising out of connected with, or attributable to this Agreement, the performance, improper performance, or nonperformance of any and all obligations to be undertaken by [Chautauqua] pursuant to the Agreement . . . or the operation, non-operation, or improper operation of [Chautauqua]'s aircraft, equipment or facilities at any location, excluding only claims resulting from the gross negligence or willful misconduct of Delta . . . . .
>
> B. Delta shall be liable for and hereby agrees to fully defend, release, discharge, indemnify, and hold harmless . . . Chautauqua . . . from and against any and all claims . . . which may be suffered by, accrued against, charged to, or recoverable from [Chautauqua] in any manner arising out of, connected with, or attributable to this Agreement, the performance, improper performance, or nonperformance of any and all obligations to be undertaken by Delta pursuant to the Agreement, or the operation, non-operation or improper operation of Delta's aircraft, equipment, or facilities at any location, excluding only claims resulting from the gross negligence or willful misconduct of . . . [Chautauqua].

According to the terms of the DCA, the agreement is to be interpreted under New York law.

## IV. DISCUSSION

**A.   COMAIR**

Whether Chautauqua owes a duty to defend and/or indemnify Comair depends on the interpretation of the GHA, which governs the relationship between Chautauqua and

Comair with respect to Comair's ground handling functions.[2] As stated above, the GHA provides that it is to be interpreted under the laws of Ohio. Under Ohio law, construction of a written contract is a matter of law. Perkins v. Schneider, 713 N.E.2d 1132, 1134 (Ohio Ct. App. 1998). "The cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties." Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority, 678 N.E.2d 519, 526 (Ohio 1997). In construing a written contract, a court must read the contract as a whole, and the intent of each part will be gathered from a consideration of the whole. Id. The language and terms of the contract are to be given their plain, common, and ordinary meanings. Id.

1. **Duty to Defend**

The duty to defend is separate and distinct from the duty to indemnify. W. Lyman Case & Co. v. Nat'l City Corp., 667 N.E.2d 978, 979 (Ohio 1996). Under Ohio law, an indemnitor's duty to defend under an indemnity contract is subject to the same standard as an insurer's duty to defend under an insurance contract. Hufffy Corp. v. Arai Indus. Co., 187 F.3d 635, 1999 WL 552613, *3 (6th Cir. 1999) (unpublished) (citing Lyman, 667 N.E.2d. at 979). An insurer is required to defend where the allegations in the complaint are potentially within policy coverage or where some doubt exists about coverage. Id. (citing Willoughby Hills v. Cincinnati Ins. Co., 459 N.E.2d 555, 558 (Ohio 1984)).

---

[2] Chautauqua argues that the DCA governs its relationship with Delta, but it does not argue that the DCA is relevant to its relationship with Comair. And the allegations in the complaint clearly implicate Comair's and Chautauqua's obligations under the GHA, which involved, among other responsibilities, the provision of assistance to special needs passengers. Thus, I will analyze Chautauqua's duty to defend and indemnify Comair under the GHA only.

7

In the present case, the allegations in the complaint are potentially within the scope of the indemnity provision. The complaint alleges that Chautauqua was negligent in its failure to provide a lift and in other regards, and that plaintiff was injured as a result. As the indemnity provision applies to claims arising out of or resulting from an act or omission of Chautauqua, regardless of whether it also arises out of Comair's own negligence, the complaint clearly pleads allegations that, if proven true, would trigger the indemnity provision.[3]

Chautauqua argues that, as a matter of law, the claim did not arise out of or result from an act or omission of Chautauqua. I disagree. The evidence Chautauqua submits in its brief in opposition is not sufficient to completely exculpate Chautauqua. It merely establishes the possibility that Chautauqua's acts or omissions were not responsible for plaintiff's injury. However, possibility is not legal certainty. There remains a genuine issue of material fact as to whether the Chautauqua flight attendant violated a duty of care owed to plaintiff. For example, there is evidence that plaintiff informed the flight attendant that there was no lift present, and that the flight attendant did nothing to remedy this situation. Additionally, there is evidence that the flight attendant failed to assist plaintiff in descending the stairs. In light of this and other evidence in the record, I cannot conclude as a matter of law that plaintiff's injuries did not arise out of or result from an act or omission by Chautauqua.

Moreover, Chautauqua does not dispute that the exclusions in the indemnity provision for gross negligence and willful conduct on the part of Comair are inapplicable

---

[3] No party disputes that the claims in this case are related to the performance or nonperformance of, or connected to the subject matter of, the GHA.

to this case, as nothing in the complaint gives rise to an inference of any misconduct on the part of Comair except for mere negligence.

Therefore, I conclude that Chautauqua has a duty to defend Comair pursuant to the GHA.

**2. Duty to Indemnify**

Comair argues that because the allegations in the complaint, along with the evidence submitted in support of Comair's motion, establish that plaintiff's injuries could reasonably be found to have arisen out of or resulted from an act or omission by Chautauqua, Chautauqua also must indemnify Comair. In contract indemnity cases, the question of whether potential liability, as opposed to actual liability, is enough to trigger the duty to indemnify is answered by reference to what the parties intended as reflected in the language of the indemnity clause. Huffy, 187 F.3d 635, 1999 WL 552613 at *4.

In the present case, I conclude that the issue of Chautauqua's duty to indemnify Comair turns on actual liability, and thus cannot be determined at this time. The indemnity provision in the GHA provides that Chautauqua must indemnify Comair for claims that "arise out of or result from" Chautauqua's own acts or omissions. The phrase "arise out of" has been defined as "originating from, growing out of, or flowing from." Lehrner v. Safeco Ins./Am. States Ins. Co., 872 N.E.2d 295, 303 n.2 (Ohio Ct. App. 2007) (internal quotations omitted). Thus, the phrase "arise out of" mandates some kind of causal relationship between the act or omission and the injury. Id. The plain and ordinary meaning of "result from" also requires a causal relationship. See Random House Webster's College Dictionary 1108 (2d ed. 1997) (defining the verb "result" as "to arise or

9

proceed as a consequence of actions, premises, etc."). Applying these definitions, I conclude that a claim must be found to be causally connected to Chautauqua's act or omission before a duty to indemnify potentially arises. Further, I see no language in the provision that suggests that potential liability, rather than actual liability, is the trigger for indemnity. Cf. Huffy, 187 F.3d 635, 1999 WL 552613 at *4 (finding that where the language of the indemnity clause applies to loss based upon <u>allegations</u> of injury <u>claimed</u> to have resulted from the specified condition, indemnity turns on potential liability rather than actual liability). Here, no determination of the causal relationship between Chautauqua's acts or omissions and plaintiff's injuries has yet been made, nor can I make such a finding as a matter of law. As stated above, based on the record before me, there remains a question of fact as to whether the conduct of Chautauqua's flight attendant, and therefore Chautauqua itself, was responsible, at least in part, for plaintiff's injury. Until a jury determines this issue, the issue of indemnity remains an open question, and I will deny this aspect of Delta and Comair's motion without prejudice.

**B.    DELTA**

Delta also seeks a declaration that Chautauqua owes Delta a duty of defense and indemnity under the GHA. However, the briefs focus exclusively on the impact of the GHA on Comair. The only statement of fact or argument in the briefs with respect to Delta asserts that Delta is the parent company of Comair, and that Delta, as an "affiliate" of Comair, is entitled to the same defense and indemnity by Chautauqua as Comair. However, Comair and Delta have not developed any argument about whether Delta is an affiliate under the GHA for purposes of this lawsuit. Moreover, the complaint demonstrates

10

that Delta is not only being sued independently, or even as the parent company of Comair, but also "through its agent . . . Chautauqua." (Compl. at 4.) The principal-agent relationship between Delta and Chautauqua is governed by the DCA; thus, clearly the DCA, including its indemnity provisions, is implicated by the allegations in the complaint. Because Delta has neither requested interpretation or application of the DCA, nor developed any argument in this regard addressing the potential impact of the DCA on the duty to defend and indemnify, I will deny its motion for declaratory judgment without prejudice.

## V. CONCLUSION

**Therefore,**

**IT IS ORDERED** that Delta and Comair's motion for declaratory judgment is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART** as discussed herein.

Dated at Milwaukee, Wisconsin this 11 day of March, 2009.

          /s  
          LYNN ADELMAN  
          District Judge

11

Case 2:06-cv-01026-LA    Filed 03/11/09    Page 11 of 11    Document 50